IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JEAN JACQUES LEVY                                                                    PLAINTIFF

v.                                        CIVIL NO. 20-cv-05020

ANDREW SAUL, Commissioner                                                  DEFENDANT
Social Security Administration

**MEMORANDUM OPINION**

Plaintiff, Jean Jacques Levy, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits under the provisions of Titles II and XVI of the Social Security Act (the "Act"). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed his applications for DIB and SSI on November 9, 2017. (Tr. 12). In his applications, Plaintiff alleged disability beginning on May 30, 2015, due to: lower back issues with a history of surgery, spots on his liver and lungs, migraines, acid reflux, and leg pain. (Tr. 12, 215). An administrative hearing was held on June 10, 2019, at which Plaintiff appeared with counsel and testified. (Tr. 34-56). A vocational expert ("VE") also testified. (*Id.*).

On July 22, 2019, the ALJ issued an unfavorable decision. (Tr. 9). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: disorder of the back, migraines, and obesity. (Tr. 14-17). However, after

reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 17). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can occasionally climb, balance, crawl, kneel, stoop, and crouch. (Tr. 17-25).

The ALJ found Plaintiff would be unable to perform any of his past relevant work. (Tr. 25-26). With the help of a vocational expert, the ALJ then determined that Plaintiff could perform the representative occupations of cashier II, marker, or sales attendant. (Tr. 26-27). The ALJ found Plaintiff was not disabled from May 30, 2015, through the date of his decision. (Tr. 27).

Subsequently, Plaintiff filed this action. (Doc. 3). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 13, 14).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th

Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff brings three points on appeal: 1) Whether the ALJ erred in his analysis of Plaintiff's subjective complaints of pain; 2) Whether the ALJ erred in finding Plaintiff retained the RFC to perform a limited range of light work; and 3) Whether the ALJ erred by failing to fully and fairly develop the record. (Doc. 13). The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 13th day of November 2020.

/s/ *Erin L. Wiedemann*
   HON. ERIN L. WIEDEMANN
   UNITED STATES MAGISTRATE JUDGE